UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                          No. 02-4817

CHRISTOPHER ALLEN BROWN,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-176)

Submitted: March 26, 2003

Decided: April 24, 2003

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Christopher Allen Brown appeals the district court's judgment accepting his guilty plea to a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). Brown filed a motion to suppress evidence below and reserved his right to appeal the court's denial of that motion.

It is well-established law that before an officer may detain a person, he must have a reasonable suspicion grounded in specific and articulable facts, that the person has or is about to commit a crime. *See United States v. Sokolow*, 490 U.S. 1, 7 ((1989); *see also Terry v. Ohio*, 392 U.S. 1, 21 (1963). The facts must be judged against an objective standard of whether the facts available to the officer at the moment of the seizure or search would "warrant a man of reasonable caution in the belief" that the action taken was appropriate. *See Sokolow*, 490 U.S. at 7.

Brown argues that the officer in question had no reasonable suspicion to make the *Terry* stop that led to the protective pat down, which yielded the weapon that was the basis of the underlying charge. We review the ultimate question of reasonable suspicion to make a warrantless search or seizure de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996). For the following reasons, we find that the *Terry* stop was proper.

Although Brown attempts to provide innocent explanations for each individual event that aroused police suspicion in this case, the circumstances must be viewed in their totality in determining whether the requisite reasonable suspicion existed. *See United States v. Arvizu*, 534 U.S. 266 (2002). We find that the officer did, in fact, have reasonable suspicion to make the *Terry* stop. The officer observed the rental car in which Brown was a passenger make elusive movements, reenter the area it had just left, and noted the driver and passenger glance at him and then quickly look back at the road as if to avoid eye contact. He also observed the driver of the car pull into a driveway and turn its headlights off while the occupants remained inside for quite some time. Moreover, all of these actions occurred in a "high

crime" area late at night. Furthermore, upon approaching the parked car, the driver immediately exited the vehicle and proceeded to the darkened rear of the house, ignoring commands to return to the driveway. Brown also exited the vehicle, repeatedly fumbling around in his right pocket, which was obscured from the officer's view. Thus, we find that, viewing the totality of the circumstances, the officer had reasonable suspicion to conduct the *Terry* stop.

Brown also argues that reasonable suspicion did not exist to conduct a protective pat down for weapons. In order to justify such a protective pat down, an officer must believe that the individual is dangerous, and this belief must be based on information sufficient to cause a reasonably prudent person under the circumstances to believe that either his safety or that of others is in danger. *See United States v. Baker*, 78 F.3d 135, 137 (4th Cir. 1996). We find that the officer's belief that Brown was dangerous was justified under the circumstances, thereby allowing him to conduct the protective pat down.

As described above, the officer knew he was dealing with an individual who had been in a rental vehicle in a high crime area late at night that made elusive movements, that contained occupants who glanced at him and then quickly looked at the road ahead as if to avoid eye contact, and that sat in a driveway with the headlights off while the occupants remained inside for quite some time. The officer further knew that the driver immediately exited the vehicle upon approach, that the driver ignored repeated commands to return to the driveway and continued to walk around the darkened rear of the house, that Brown exited the car and repeatedly fumbled around in his right pocket even after being told to stop and even after the officer drew his weapon, and that Brown's right side was concealed from view. Finally, Brown did not respond when asked whether he possessed any weapons.

Again, although Brown attempts to assert innocent explanations for each individual action, given the totality of the circumstances, we find that a reasonable suspicion of dangerousness existed to conduct the protective pat down. Thus, we conclude that reasonable suspicion existed for both the *Terry* stop, as well as the resulting protective pat down.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*